**In re Jackie R. MAIDEN and Martine Maiden, Debtors.**

**No. 04–41540.**

United States Bankruptcy Court, W.D. Kentucky.

April 4, 2005.

Russ Wilkey, Owensboro, KY, for Debtors.

## MEMORANDUM

DAVID T. STOSBERG, Bankruptcy Judge.

This matter comes before the Court on the Motion to Set Value of Loader filed by Commonwealth Community Bank (hereinafter "Movant"). In the motion, Movant requests the Court to set the value of a 125–B Michigan loader. Movant asserts the loader has a value of $12,000. The debtors contend the loader has a value in the $2,000 to $4,000 range. On February 24, 2005, the Court entered an Agreed Order wherein the parties waived a formal evidentiary hearing in this matter. The parties agreed the Court would reach its determination of the value of the loader based upon the memoranda, affidavits, and appraisals submitted by the respective parties. The Court enters the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Bank. P. 7052.

### *FINDINGS OF FACT*

1. Movant submitted an appraisal performed by Randy Terry of Randy Terry Crane & Equipment Sales. This appraisal reflected the loader was in overall good appearance with a wholesale or auction value of $4,000 to $7,000 and a "Realistic Retail" value of $7,500 to $12,500. The appraisal was qualified in that it was based only upon appearance and assumed there was nothing mechanically wrong with the loader.

2. An affidavit of Mr. Terry was also provided by the movant. In the affidavit, Mr. Terry indicates that, based upon his 31 years of experience in the heavy equipment industry, he believed the loader has a replacement value of $8,000 to $10,000.

3. Movant submitted the affidavit of Billy W. Luttrell, an officer of the Movant. Mr. Luttrell indicated that he has inspected the debtors' real estate several times and that the loader was in different locations on the debtors' property during his inspections. He concluded that based upon the re-positioning of the loader, he believed the loader to be in working condition. Although nothing was provided indicating Mr. Luttrell's experience valuing loaders, he indicated the loader has a replacement value of $9,000.

4. Debtors provided an appraisal performed by Roger Dale Embry of Appraisal Services of Western Kentucky. The certificate accompanying the appraisal indicates Mr. Embry is a Certified Residential Real Property Appraiser. Debtors provided nothing qualifying Mr. Embry to give an appraisal of construction equipment, and more particularly loaders. Nevertheless, Mr. Embry indicated the loader should be valued in the $2,000 to $4,000 range. No indication is made if this figure is based upon the operating condition of the loader or simply upon appearance.

## CONCLUSIONS OF LAW

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(K) and venue is proper under 28 U.S.C. § 1409(a). The parties have submitted to the jurisdiction of this Court.

Pursuant to Fed. R. Bank. P. 3012, a court may determine the value of a claim secured by a lien on property in which the estate has an interest. The loader in question here has a value anywhere from $2,000 to $12,500 depending upon which appraisal is used. Of all the appraisals submitted, Mr. Terry's appraisal should be given the most weight. Mr. Terry, with 31 years of experience in the heavy equipment industry, is the only appraiser before the Court qualified to render an informed opinion as to the value of this collateral. While Mr. Embry speculates as to the value of this equipment, nothing was provided by the debtors demonstrating Mr. Embry's experience or qualifications to render an informed opinion of this equipment. Based upon the record before it, the Court concludes the loader in question has a value of $8,000.

For the reasons set forth above, an Order consistent with this Memorandum will be entered this same date.

### ORDER

Pursuant to the Court's Memorandum entered this date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Michigan loader has a replacement value of $8,000.

This is a final and appealable order and there is no just reason for delay.